Johnny E. BARNES, Appellant,

v.

Vernon JONES, DBA Jones Transfer Lines,
Appellee.

Johnny Earl BARNES and Joan Barnes,
Appellants,

v.

James Lee HENRY and Vernon Jones, DBA
Jones Transfer Lines, Appellees.

Court of Appeals of Kentucky.

Nov. 22, 1961.

Hargadon, Hargadon & Bennett, James
B. Lenihan, Louisville, Ben G. Matthews,
Shelbyville, for appellants.

Lucien Kinsolving, Kinsolving & Kin-
solving, Shelbyville, for appellees.

WILLIAMS, Judge.

A collision occurred between a truck driv-
en by James Lee Henry but owned by Ver-
non Jones and an automobile driven by
Johnny Earl Barnes in which Joan Barnes,
his wife, was a passenger. Jones sued
Barnes for damage to the truck and Barnes
filed answer. Then, in a separate action,
Johnny and Joan Barnes sued Jones and
Henry for personal injuries and for dam-
age to the automobile. The circuit court
sustained a motion to dismiss the complaint
of Johnny Barnes but ordered that same be
considered as a counterclaim in the action
filed by Jones against Barnes. The cases
were consolidated and tried together. The
jury found both drivers negligent but
awarded a verdict in the amount of $500
in favor of Joan Barnes against Jones and
Henry. Both Johnny and Joan Barnes have
appealed from the judgment entered on
that verdict.

The collision occurred in Simpsonville.
Henry was driving east on U. S. 60 and
was in the process of negotiating a left-
hand turn into a side street when the truck
was struck on the right rear wheel by the
automobile driven by Barnes. Henry testi-
fied that he had activated his turn signal
indicator, that Barnes was from 300 to 500
feet away when he started his turn, and
that after starting his turn he noticed that
Barnes was proceeding at an excessive rate

of speed. Barnes on the other hand testified that he was driving west on U. S. 60 at a speed of 20 to 25 miles an hour, that Henry started his left-hand turn when the two vehicles were about 90 feet apart, and that he immediately applied his brakes but was unable to avoid the accident. The Barnes automobile slid on the wet pavement and struck the truck which was in Barnes' lane of traffic.

At the outset we note there was sufficient evidence to go to the jury, and the court did not err in overruling Barnes' motion for a directed verdict.

The appellants insist that the court erred in giving the following two instructions:

"4. It was the further duty of Johnny Barnes to yield the right-of-way to James Lee Henry so as to permit him to pass into First Street in safety; if the jury believes from the evidence that James Lee Henry reached and entered the intersection toward the center point first, since he thereby had the right-of-way over Johnny Barnes."

"8. Since Johnny Barnes, who was operating on the right of the truck driven by James Lee Henry, as he turned into the intersection, had the right-of-way through the intersection, it was the further duty of James Lee Henry, the driver of plaintiff's truck to yield to that right-of-way to Johnny Barnes, unless the jury believes from the evidence that James Lee Henry driving the truck of Vernon Jones first reached and entered the intersection beyond the center point, in which event he and not Johnny Barnes had the right-of-way through the intersection, and it was the duty of Johnny Barnes to yield to him."

The rule is that a vehicle proceeding in a straight course shall have priority over a vehicle making a change in direction. An instruction giving priority to a turning vehicle if it has reached and entered an intersection first is erroneous. Weaver v. Brooks, Ky., 350 S.W.2d 639; Rankin v. Green, Ky., 346 S.W.2d 477; Smith v. Sizemore, Ky., 300 S.W.2d 225.

The trial court also refused to permit the introduction of testimony in regard to the amount of special damages incurred by the appellants. The appellees admit this was error but argue that it was not prejudicial. They point to the fact that Joan Barnes visited a doctor but few times and was not severely injured. On the other hand it was shown that Joan Barnes was pregnant at the time and had to make some visits to her doctor in addition to those she would regularly have made. Whether the $500 allowed by the jury was too much or too little we are not in position to say. Certainly one of the few concrete standards by which a jury may measure pain and suffering is the cost incurred by reason of special damages. To preclude testimony on that point was prejudicial error.

The judgment is reversed.