**William J. PRITCHETT, Appellant,**

v.

**Robert G. HERBER, Appellee.**

Court of Appeals of Kentucky.

Dec. 17, 1965.

Rehearing Denied Feb. 18, 1966.

Matthew B. Quinn, Jr., Freeman B. Blackwell, Louisville, for appellant.

J. Walter Clements, James M. Clements, Louisville, for appellee.

MILLIKEN, Judge.

This case involves the question of damages resulting from an automobile collision in November, 1962, at the unmarked intersection of 38th and Duncan Streets in West Louisville. Neither street was an arterial highway.

Appellee Herber sought to recover $5,600 for special and personal injury damages, and appellant Pritchett sought damages in their entirety in the sum of $20,350. A jury heard the evidence and instructions of the trial court and returned a verdict under the so-called "dogfall" instructions. Appellee Herber has not filed a cross-appeal. To properly dispose of this case we will look at the instructions and determine whether they were correct.

As stated, the accident occurred at the intersection of 38th and Duncan Streets. Appellant testified that he stopped on Duncan (which runs east and west, with a zigzag or dog-leg at 38th Street and about 40 feet to the north on 38th) six or eight feet short of 38th (which runs north and south); that he looked north and saw appellee coming south on 38th about 250 to 275 feet away; that he looked south on 38th and no one was coming. He observed appellee two or three seconds, during which time appellee traveled 40 or 50 feet down 38th. He then started his car out into 38th Street preparatory to making a left turn onto 38th so that he could then make another turn to the right maintaining his travel route on Duncan. He did not look left anymore until he heard the screeching tires of appellee's car about 60 feet to the left. Appellee applied his brakes in an effort to avoid the accident, and in so doing skid marks from his car were "stepped" to be about 30 feet. Appellee hit appellant's car on the left fender above center of the wheel, with an alleged resulting damage of $300 to the car and $50 for loss of its use. Several witnesses testified that the positions of the cars immediately after the collision were such that other cars could travel between them and the curb on both sides of the wrecked vehicles. However, the area on the east side was less than on the west side, indicating that the accident happened slightly east beyond center.

Appellant argues that the instructions are clearly erroneous inasmuch as they do not properly outline the statutory duties of the parties approaching the intersection of the two streets. The trial court failed to give an instruction based on KRS 189.330(2) to the effect that " * * * the operator of a vehicle shall yield the right of way at the intersection of their paths to a vehicle approaching from the right unless the vehicle approaching from the right is further from the point of intersection of their paths than the first named vehicle," but instead, in Instruction 1(e) the trial court told the jury that Pritchett had the duty to see to it that he had "sufficient space and time before entering the intersection of 38th and Duncan Streets * * * to bear to the left * * * *" in order to proceed eastwardly on Duncan Street, apparently assuming that

the proper law to apply was the provision giving the right of way to the vehicle proceeding in a straight line—that of Herber's. The trial court felt that the jogging nature of Duncan Street's path across 38th Street justified such an instruction based on KRS 189.330(1), citing Barnes v. Jones, Ky., 351 S.W.2d 506, and other cases.

Under the statute governing intersections, KRS 189.330(2), it is certain that Pritchett had the right of way at the intersection if he got there first. The turn to the left was necessarily subsequent to the determination of which of the two vehicles had the right of way at the intersection, and the jury had to make that determination under an instruction based upon KRS 189.330(2), aforequoted in part.

The judgment is reversed for proceedings consistent herewith.