**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Movant,**

**v.**

**Josephine FLETCHER and Carla G. Larence, Respondents.**

**The WESTERN FIRE INSURANCE COMPANY, Movant,**

**v.**

**Elizabeth Jo Ann DOWNS, Respondent.**

Supreme Court of Kentucky.

Feb. 6, 1979.

Lee E. Sitlinger, Jr., Hogan, Taylor, Denzer & Bennett, Louisville, for movant State Farm.

Philip Taliaferro and Stephen D. Wolnitzek, Taliaferro, Smith, Wolnitzek & Schachter, Covington, Wayne C. Daub, Louisville, for respondent Fletcher.

Raymond O. Harmon and William P. Swain, Boehl, Stopher, Graves & Deindoerfer, Louisville, for Western Fire.

John M. Lawrence, Bardstown, for respondent Downs.

LUKOWSKY, Justice.

These cases squarely present the question of the validity of the following provision which has been inserted in these Kentucky No Fault Automobile Insurance Policies.

"(a) any amount payable under the uninsured motor vehicle coverage [UM] shall be reduced by the amount of any personal injury protection benefits [PIP] paid or payable under this or any other automobile insurance policy because of bodily injury sustained by an eligible injured person."

The trial courts and the Court of Appeals held the provision invalid. We agree, but find it necessary to decide a subsidiary issue not fully examined by the lower courts.

In *State Farm Mutual Automobile Insurance Company v. Josephine Fletcher and Carla G. Larence,* the Jefferson Circuit Court entered a judgment ordering State Farm to pay Fletcher the sum of $10,000.00 representing UM benefits exclusive of any payments previously made to her under PIP coverage. A jury had awarded Fletcher the sum of $42,740.23 for damages against the uninsured tortfeasor, Larence ($10,740.23 for medical expenses and lost wages, plus $32,000.00 for pain and suffering.) State Farm had two policies covering Fletcher at the time of the accident the second of which afforded PIP coverage. In accord with a pretrial ruling by the trial court that both policies applied to Fletcher and that there could be no reduction of the UM coverage by any payments made under the PIP coverage, judgment was entered against State Farm in the amount of $20,000.00 in addition to the $10,000.00 PIP payments previously made to Fletcher by State Farm. By agreement of the parties, State Farm paid the $10,000.00 UM coverage under the first policy. This appeal involves the $10,000.00 UM coverage under the second policy with no reduction allowed for the PIP benefits paid.

*Western Fire Insurance Company v. Elizabeth Jo Ann Downs* involves a summary judgment entered by the Nelson Circuit Court. Downs had been paid $6,692.77 under the PIP endorsement of a policy issued by Western. It was stipulated between the parties that Downs incurred damages in excess of $10,000.00 (for medical expenses, loss of income, permanent impairment of power to earn money, pain, suffering and mental anguish without specification of dollar value by category.) Downs filed suit in Nelson Circuit Court to recover the $10,000.00 under the UM coverage of the policy. Western claims that Downs is only entitled to the difference between what has already been paid to her under the PIP coverage and the $10,000.00 limits under the UM coverage. Downs moved for a summary judgment on this issue; the motion was granted and she was awarded $10,000.00.

KRS 304.20–020(1) requires that automobile insurance policies provide coverage in limits of not less than $10,000.00 each person and not less than $20,000.00 each accident for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death. By its plain terms, the effect of the policy provision in issue here is to reduce the amount payable under UM coverage by the amount payable under PIP coverage in every case. To put it another way, PIP coverage is always set off against UM coverage regardless of the nature and source of the damages for personal injury.

This means that in any case in which PIP is payable less than $10,000.00 UM is payable. This result is repugnant to the mandate of the legislature that not less than $10,000.00 UM coverage be provided. This policy provision is void because public policy will not permit the contract to take away that which the statute requires to be given. *State Farm Mutual Insurance Company v. Fireman's Fund American Insurance Company,* Ky., 550 S.W.2d 554 (1977).

However, PIP and UM are not unrelated. They are each a part of the whole scheme of motor vehicle injury reparations. The statutes which create them are in pari materia and must be harmonized.

**44**

KRS 304.39–070(2) provides that an insurer which is obligated to pay PIP is subrogated to the extent of its obligations to the rights of its insured against the uninsured tortfeasor. As a result, the insured no longer owns the claim against the uninsured tortfeasor for damages compensable under PIP and he is no longer legally entitled to recover them for his own use and benefit. In regard to these items he is a trustee for his PIP insurer. Cf. *Louisville and Nashville Railroad Co. v. Mack Manufacturing Corporation*, Ky., 269 S.W.2d 707 (1954); Clay, Ky.Prac., 3rd Ed., Civil Rule 17.01, Comments 4 and 5.

In our opinion, the effect of this statute is to prevent double payment of the same damages—once under PIP coverage and again under UM coverage. Conceptually the UM coverage may be thought of as excess to the PIP coverage. Thus, no award may be made under UM coverage which includes any damages paid or payable under PIP coverage.

We have rejected the proposition that paid or payable damages are to be deducted from the UM award. It is simply that they may not be included therein. Thus, if an insured's case, evaluated apart from paid or payable damages, is worth the UM limit of liability, that limit must be paid. Hence, in an appropriate case an insured may collect the limits of both the PIP and UM coverages.

The only interdiction is that there be no double recovery for the same items of damage. To reach any other conclusion would frustrate KRS 304.20–020(4), which provides that the UM insurer is subrogated to the extent of its payments to the rights of its insured against the uninsured tortfeasor, by requiring double payment and permitting only single reimbursement from the uninsured tortfeasor.

Applying this rationale to "State Farm" requires that the judgment be affirmed because the record discloses that Fletcher's non-PIP damages exceed the UM policy limits. By the same process of reasoning, the judgment in "Western Fire" must be reversed because the record does not establish the amount of non-PIP damages and the cause must be remanded to the trial court for the determination of that amount.

The judgment of the Jefferson Circuit Court in "State Farm" is affirmed. The judgment of the Nelson Circuit Court in "Western Fire" is reversed and the cause is remanded for proceedings consistent herewith.

All concur.