Ronald W. HARGETT, Appellant,

v.

Sharon Kathleen DODSON and Charles
G. Dodson, Appellees.

Sharon Kathleen DODSON and Charles
G. Dodson, Cross-Appellants,

v.

Ronald W. HARGETT and State Farm
Mutual Automobile Insurance
Company, Cross-Appellees.

Court of Appeals of Kentucky.

July 27, 1979.

William J. Rudloff, Harlin, Parker & Rudloff, Bowling Green, for Hargett.

G. D. Milliken, Jr., Bowling Green, for State Farm Ins. Co.

Michael A. Owsley, English, Lucas, Priest & Owsley, Bowling Green, for appellees and cross-appellant.

Before COOPER, REYNOLDS and HOWERTON, JJ.

COOPER, Judge.

This is an automobile accident case. The defendant-appellant, Ronald Hargett, does not dispute his basic liability as established at trial. The single issue he raises in this appeal is that the trial court erred in refusing to allow him a credit or set-off against the judgment in the plaintiff's favor in the amount of $5,770.89, such sum being the amount paid to plaintiff-appellee, Sharon K. Dodson, in basic reparation benefits (medical expenses and lost wages) under the Kentucky No Fault Act; KRS 304.-39–010 *et seq.*; by cross-appellee, State Farm Mutual Automobile Insurance Company. Ms. Dodson cross-appeals claiming that the jury acted impermissibly in failing to award her damages for permanent impairment of earning capacity in light of the evidence adduced on that issue at trial.

I

The credit or set-off issue undoubtedly came before the court in this case because of the somewhat unusual circumstance of State Farm being the insurer for both Dodson and Hargett. Pursuant to KRS 304.39–070(3), State Farm joined in the suit brought by Dodson against Hargett. Even though no answer to the intervening complaint was filed by Hargett, the insurance company took no default judgment. This was understandable as any judgment against Hargett would had to have been satisfied by State Farm. By suing Hargett, State Farm could be likened to a cat chasing its own tail; if it succeeded it would only bite itself.

The case went to the jury on the claims of Sharon Dodson and her husband, Charles, who claimed for loss of consortium. The only award made by the jury was to Sharon against Hargett in the amount of $13,664.98, which breaks down into:

$7,500.00 Mental and physical suffering

3,796.90 Medical expenses

2,368.08 Lost wages

Thereafter, appellant moved for a credit or set-off against the judgment in the amount of basic reparation benefits (BRB) paid to appellee by State Farm. This was resisted by appellee on the grounds that such a credit would violate the "collateral source" rule. In essence, the rule is that a tortfeasor may not derive benefit from insurance coverage procured by the injured party. To do so would, in many instances, result in a windfall to the substantial detriment of the injured party by depriving him of the exercise of a valuable vested right. *See Taylor v. Jennison*, Ky., 335 S.W.2d 902 (1960); *Davidson v. Vogler*, Ky., 507 S.W.2d 160 (1974). We take no exception to the collateral source rule, but we do not view its application vel non as the determinative factor here.

Rather, what we are faced with here is a "real party in interest" situation. *See* CR 17. KRS 304.39–070 subrogates State Farm to the extent of its BRB payments and authorizes it to intervene in an action as it did here. By virtue of this statutory provision, appellant's exposure to liability to the extent of BRB payments is to State Farm and not to the appellee. The fact that the insurance company, for whatever reasons it may have, chooses not to prosecute its claim to recovery does not by operation of law re-assign the claim to the insured for her to assert. To the contrary, KRS 304.39–060 expressly abolishes tort liability to the extent compensated by BRB. Even if appellee were actually paid the amount representing the BRB, she would hold the payments merely as a trustee for the insurance company as double recovery to the extent of BRB paid is not permitted under the Kentucky No Fault Act. *Cf. State Farm Mutual Auto. Ins. Co. v. Fletch-*

*er*, Ky., 578 S.W.2d 41 (1979); *U. S. Fidelity and Guaranty Co. v. Smith*, Ky., 580 S.W.2d 216 (1979). It would be a farce to require Hargett via State Farm to pay Dodson who would in turn reimburse State Farm. When such a circuitous exercise can be avoided by a simple order of court it should be. It would, however, be appropriate for the order to explain briefly the circumstances leading to its entry.

## II

On cross-appeal Ms. Dodson contends that the jury acted improperly in failing to award her damages for permanent impairment of earning capacity. Medical evidence was adduced at trial which showed that cross-appellant did sustain some permanent physical injury in the accident and an economist translated the medical opinions into dollar values representing impairment of future earning capacity. In counterpoint, it was shown that cross-appellant had returned to her former teaching position at no loss in pay and had, in fact, received a raise. Also there was evidence that cross-appellant had some back problems prior to the accident. Based on this evidence, the jury apparently felt that Dodson had suffered no permanent impairment of earning capacity as a result of the accident. We do not believe this was an unreasonable finding. The jury was not required to accept the experts' testimony presented in Dodson's behalf as absolute truth. *Thompson v. Spears*, Ky., 458 S.W.2d 1 (1970). Neither was it required to make an award of damages for permanent impairment of earning capacity based solely on a showing of some permanent injury. *Davidson v. Vogler*, Ky., 507 S.W.2d 160 (1974). Where under the evidence as a whole, it was not clearly unreasonable for the jury to find as it did its verdict must be upheld. *Cf. Columbia Gas of Kentucky v. Maynard*, Ky., 532 S.W.2d 3 (1976). This point perhaps has illustrated that in the desire to become more objective and sophisticated in the area of damages, we have moved away from the older notion that one who inflicts permanent physical injury upon another is liable to make the injured party whole in monetary terms based solely on the extent and degree of injury inflicted without regard to the victim's ability to live and prosper thereafter—that being irrelevant to the main issue and a violation of, at least, the essential principle embodied in the collateral source doctrine. Be that as it may, a proper existing measure of damages was employed here. The result must be upheld because it was not contrary to existing law and was supported by sufficient evidence.

The judgment appealed from is affirmed in part, and reversed in part. It is reversed solely with respect to the failure to award a credit to the judgment in the amount of basic reparation benefits paid. Such credit is to be limited to the corresponding items of damage awarded by the jury. It is affirmed in all other respects. This action is remanded for proceedings consistent with this opinion.

All concur.