PROGRESSIVE CASUALTY INSUR-
ANCE COMPANY, Movant,

v.

Brenda KIDD, Larry D. Raikes and Lew-
is, Bland & Preston, Respondents.

Supreme Court of Kentucky.

May 13, 1980.

Redford H. Coleman, C. Michael Weldon, Collier, Arnett & Coleman, Elizabethtown, for movant.

Larry D. Raikes, Hodgenville, Paul M. Lewis, Lewis, Bland & Preston, Elizabethtown, for respondents.

STEPHENS, Justice.

This case raises the question whether an insurer which pays basic reparation benefits (BRB) to its insured under an automobile "no-fault" policy must be reimbursed when the insured recovers a judgment for the same elements of damages covered by the prepaid benefits, but the insurance company has not complied with the provisions of KRS 304.39-070(2) and (3). The Larue Circuit Court and the Court of Appeals held that the procedures outlined in that section are mandatory. We affirm.

This action grew out of an automobile accident involving the respondent, Brenda Kidd, who was insured by the movant, Progressive Casualty Insurance. Under the terms of respondent's "no-fault" policy, she was paid $4,611.58 by movant in BRB for lost earnings and medical expenses during the course of the original trial on the question of liability. In that trial, respondent recovered $9,011.70 from the driver of the other automobile involved in the accident.

When the judgment was rendered, a draft for the damages was issued by the insurer of the other driver, payable to respondent and her counsel, as well as movant's counsel, whose services were provided for the trial pursuant to the terms of the insurance contract. When respondent's counsel informed movant's counsel that none of the proceeds of the draft would be used to reimburse movant for the BRB paid to respondent, counsel for movant refused to endorse the draft and filed a petition for a declaratory judgment in Larue Circuit Court. The trial court found that the entire amount of the draft, which had been

held in escrow by the Larue Circuit Clerk, should be paid to respondent, and entered a summary judgment in her favor. On appeal, the Court of Appeals affirmed the judgment of the lower court and we granted discretionary review.

■ Movant admits that it did not comply with the requirements of KRS 304.39–070(2) and (3), the statutory mechanism for subrogation of a reparation obligor. The statute provides:

(2) A reparation obligor which has paid or may become obligated to pay basic reparation benefits shall be subrogated to the extent of its obligations to all the rights of the person suffering the injury against any person or organization other than a secured person.

(3) A reparation obligor shall have the right to recover basic reparation benefits paid to or for the benefit of a person suffering the injury from the reparation obligor of a secured person as provided in this subsection, except as provided in KRS 304.39–140(3). *The reparation obligor shall elect to assert its claim (i) by joining as a party in an action that may be commenced by the person suffering the injury, or (ii) to reimbursement, pursuant to KRS 304.39–030, sixty (60) days after said claim has been presented to the reparation obligor of secured persons.* The right to recover basic reparation benefits paid under (ii) shall be limited to those instances established as applicable by the Kentucky Insurance Arbitration Association as provided in KRS 304.39–290.

KRS 304.39–070(2), (3) (emphasis added). Movant neither joined as a party to the action nor submitted its claim for arbitration. Nevertheless, movant contends that it is still entitled to reimbursement based on equitable theories of subrogation and the court's policy against double recovery. We do not agree.

Admittedly, the theory of subrogation is based on equitable principles which for many years allowed an injured party to employ the familiar fiction of the "loan receipt" to itself pursue the subrogation claim of the insurance company. This procedure allowed the real party in interest, the insurance company, to recover benefits it had paid without becoming an actual party to the lawsuit and contaminating the minds of the jurors. However, as is properly pointed out in *Smith v. Earp*, 449 F.Supp. 503, 506 (W.D.Ky.1978), "There is no place for the loan receipt after enactment of the Kentucky No-Fault Act; the Act is unambiguous. . . . [T]he insurance company's options only include joinder as a party plaintiff and arbitration." The statute plainly says that the "reparation obligor *shall* elect to assert its claim" in one of two specified ways. We are convinced that the movant in this case has failed to preserve its statutory right of subrogation and that any equitable right has been supplanted by the statute. The statute now provides the exclusive remedy available for subrogation of a "no-fault" insurer.

Having determined that the insurer is not entitled to recover BRB because of its failure to follow the statutory procedure, we must rule, although we do so reluctantly, that respondent may retain the entire judgment. We are mindful that we have previously enunciated a policy which disfavors double recovery by an injured party. *State Farm Mutual Automobile Insurance Co. v. Fletcher*, Ky., 578 S.W.2d 41 (1979); *United States Fidelity & Guaranty Co. v. Smith*, Ky., 580 S.W.2d 216 (1979).

■ Further, it is clear to us that under the Kentucky No-Fault Act, an injured party is not entitled to an award of damages from the defendant in the trial on liability for any item of damages which was compensated by BRB. KRS 304.39–060(2)(a) provides:

Tort liability with respect to accidents occurring in this commonwealth and arising from the ownership, maintenance, or use of a motor vehicle is *"abolished"* for damages because of bodily injury, sickness or disease to the extent the basic reparation benefits provided in this subtitle are payable therefor, or that would be payable but for any deductible authorized by this subtitle, under any insurance poli-

cy or other method of security complying with the requirements of this subtitle, except to the extent noneconomic detriment qualifies under subsection (2)(b) hereof.

It is clear that this section, taken together with KRS 304.39–070, means that the injured party may not assert a claim which includes benefits already paid by its insurer as BRB. See *Smith v. Earp, supra,* at 506. Only when the insurance company joins as a party may such damages properly be awarded. The insurance company, the real party in interest with regard to the BRB, is the *only* party which may be awarded damages to the extent of BRB.

In *Hargett v. Dodson,* Ky.App., 597 S.W.2d 151, (1979),[1] the Court of Appeals reached the result we advocate here. It explained its conclusion as follows:

> [W]hat we are faced with here is a 'real party in interest' situation. *See* CR 17. KRS 304.39–070 subrogates [the insurer] to the extent of its BRB payments and authorizes it to intervene in an action as it did here. By virtue of this statutory provision, appellant's exposure to liability to the extent of BRB payments is to [the insurer] and not to the appellee. The fact that the insurance company, for whatever reasons it may have, chooses not to prosecute its claim to recovery does not by operation of law re-assign the claim to the insured for her to assert. To the contrary, KRS 304.39–060 expressly abolishes tort liability to the extent compensated by BRB. Even if appellee were actually paid the amount representing the BRB, she would hold the payments merely as a trustee for the insurance company as double recovery to the extent of BRB paid is not permitted under the Kentucky No-Fault Act.

*Hargett v. Dodson, supra,* at 152 (citations omitted).

Thus the movant, had it complied with the mandatory requirements of KRS 304.-39–070, as did the insurer in *Hargett,* would

clearly be entitled to the reimbursement it seeks. We trust that in the future, reparation obligors will follow the letter of the law, and damages will not be awarded to injured parties who have already been provided BRB when the insurer is not a party to the action.

The decision of the Court of Appeals and the judgment of the Circuit Court are affirmed.

All concur.

---

1. This court originally granted discretionary review in both the case at bar and *Hargett v. Dodson,* and the cases were consolidated for oral argument. However, on April 22, 1980, we vacated the grant of review in *Hargett* as improvidently granted.