**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Movant,**

v.

**James WALDECK, et al., Respondents.**

Supreme Court of Kentucky.

June 16, 1981.

Harold K. Huddleston, Huddleston, Van Zant & Coyle, Elizabethtown, Chester A. Vittitow, Jr., and Lee E. Sitlinger, Bennett, Bowman, Triplett & Vittitow, Louisville, for movant.

Dwight Preston, Lewis, Bland & Preston, Elizabethtown, for James and Emma Waldeck.

James Collier, Collier, Arnett & Coleman, Elizabethtown, for Frozen Food and Excalibur Ins.

LUKOWSKY, Justice.

Emma and James Waldeck were injured in an automobile accident in January, 1976. Their automobile was insured by State Farm Mutual Automobile Insurance Company which, pursuant to its contract with the Waldecks and Kentucky's "no-fault" insurance law, paid Emma $10,000.00 in basic reparation benefits (BRB) and $1,550.00 for damage to her automobile and paid James $1,677.23 in BRB. Thereafter the Waldecks brought an action against those parties allegedly responsible for causing their injuries, including Frozen Food Express, Inc., which was insured by Excalibur Insurance Company. Immediately before trial was to begin in August, 1978, the case was settled for $90,000.00. As part of the settlement payment, Excalibur issued two checks—one for $1,677.23 payable to State Farm, James Waldeck and the Waldecks' attorneys, Lewis, Bland and Preston, and one for $11,-

550.00 payable to State Farm, Emma Waldeck and the same attorneys. State Farm refused to endorse these drafts, claiming that it was entitled to all of their proceeds as reimbursement of amounts it paid to the Waldecks.

In October, 1978 the Waldecks moved the trial court to restore their action to the docket, add State Farm as a party defendant and file an amended complaint, which requested the court to adjudicate the rights of the parties in and to the funds represented by the checks. The motion was granted. Along with its answer State Farm filed a counterclaim asserting its entitlement to the checks as reimbursement for the $13,227.23 it had paid to the Waldecks. Although the trial court found that Excalibur's checks represented the amounts paid by State Farm for BRB and property damage, it awarded the Waldecks' attorneys one-third of the total amount with accrued interest as counsel fees. Of the remainder the court awarded State Farm the portion representing its payment for property damage and awarded the Waldecks those portions representing BRB.

State Farm appealed to the Court of Appeals, which reversed the part of the judgment that covered the attorneys' fees and affirmed the part that denied State Farm reimbursement for the amount it had paid to the Waldecks for BRB. The Court of Appeals also affirmed the trial court's award to State Farm for the amount that covered property damage and directed the court to amend its judgment to reflect State Farm's right to the full amount of $1,550.00 with accrued interest. State Farm sought review by this court of the Court of Appeals' rejection of its claim for reimbursement of the BRB payments. We granted discretionary review to examine the issue raised by State Farm and reverse the decision to deny State Farm reimbursement of the BRB payments. In brief, we find that State Farm is entitled to recover the entire amount of $13,227.23, with accrued interest, which represents its payments to the Waldecks for BRB and property damage.

No one involved in this case disputes that State Farm made BRB payments to the Waldecks totalling $11,677.23 or that State Farm had a right to recover this amount from Excalibur pursuant to KRS 304.39–070 (3). The first sentence of this statutory subsection states: "A reparation obligor shall have the right to recover basic reparation benefits paid to or for the benefit of a person suffering the injury from the reparation obligor of a secured person as provided in this subsection, except as provided in KRS 304.39–140 (3)." The trial court and the Court of Appeals rejected State Farm's claim on the ground that State Farm had not properly asserted this right because it failed to follow one of the exclusive remedies provided for a "no-fault" insurer in KRS 304.39–070 (3). We disagree.

The Court of Appeals was correct that KRS 304.39–070 (3) establishes the exclusive procedural means by which a reparation obligor can recover BRB it has paid to an injured person from the reparation obligor of a secured person. *Progressive Casualty Insurance Company v. Kidd*, Ky., 602 S.W.2d 416 (1980). After establishing the right to reimbursement, the statutory subsection continues: "The reparation obligor shall elect to assert its claim (i) by joining as a party in an action that may be commenced by the person suffering the injury, or (ii) to reimbursement, pursuant to KRS 304.39–030, sixty (60) days after said claim has been presented to the reparation obligor of secured persons." The Court of Appeals was incorrect, however, when it limited a reparation obligor's participation as a party in an action commenced by the injured person to intervention.

The requirement of joining in an action commenced by the injured person may also be satisfied when a reparation obligor is joined as a party defendant and participates in the suit. It would be wasted effort to require a party to intervene in an action when it is already in the suit in a capacity in which it can effectively assert its claim. Just as economy dictates the statutory requirement that a reparation obligor join as a party to an injured person's action so does it dictate the result we reach here.

In this case the Waldecks on their own initiative joined State Farm as a party defendant. State Farm in turn answered the Waldecks' amended complaint and filed a counterclaim. Without question, State Farm joined and participated in an action commenced by the persons injured, unlike the insurance companies in *Progressive*, supra, and in *Smith v. Earp*, 449 F.Supp. 503 (1978), cited in *Progressive*.* Consequently, State Farm met one of the alternative procedural requirements set out in KRS 304.-39–070 (3) and is entitled to full reimbursement of the BRB payments with accrued interest.

The decision of the Court of Appeals is affirmed in part and reversed in part, the judgment of the Hardin Circuit Court is reversed and the cause is remanded to the trial court with directions to enter a judgment consistent herewith.

All concur.

---

* The insurance company in *Progressive* sought to recover BRB by filing a petition for a declaratory judgment, thus initiating an action separate and distinct from the one commenced by the injured person. The insurance company in *Smith v. Earp* entered into a side agreement with the parties to the injured person's suit whereby it would be reimbursed out of the final award, but never became a party to the action.