STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Timothy Puckett, and State Farm Mutual Automobile Insurance Company, Appellants,

v.

Donna Jo BEARD, and William Thomas Klapheke, II, Appellees.

Court of Appeals of Kentucky.

July 16, 1982.

G. D. Milliken, Jr., Milliken & Milliken, William J. Rudloff, Harlin, Parker & Rudloff, Bowling Green, for appellants.

William Thomas Klapheke, II, Berry & Klapheke, Glasgow, for appellees.

Before COOPER, GUDGEL and VANCE, JJ.

COOPER, Judge.

This is an appeal from a portion of a judgment allowing the appellee-Klapheke an attorney's fee under KRS 304.39–070(5). At issue is whether the trial court erred, as a matter of law, in so acting given the language of the statute. On review, we reverse and remand.

The facts relative to this action are as follows: In April of 1980, the appellee, Donna Jo Beard, filed an action against the appellant, Timothy Puckett, and Danny Cherry for personal injuries she sustained as a result of a motor vehicle accident on May 27, 1979. KRS 304.39–060. Beard was represented by the co-appellee, William Thomas Klapheke, II. Puckett and Cherry answered, denying liability. The appellant, State Farm Mutual Automobile Insurance Company, (hereinafter State Farm) as the reparation obligor and insurer of Puckett and Cherry, reserved its rights as to the question of coverage. The action against Cherry was subsequently dismissed.

Pursuant to CR 24 and KRS 304.39–070, State Farm, as the reparation obligor and insurer of Beard, filed an intervening complaint, asserting its statutory subrogation claim against Puckett and/or its insurer, State Farm, for basic reparation benefits paid to Beard. By coincidence, State Farm was the insurer of Beard and Puckett. The amount of such benefits was $3,135.23, $2,629.48 for medical expenses and $505.75 for loss of wages. Puckett and State Farm filed a motion to dismiss the intervening complaint with prejudice. Prior to the trial, Puckett filed a motion to strike any claim for medical expenses and loss of wages from Beard's complaint. KRS 304.-39–060(2)(a). In the alternative, he requested a credit or set-off for $3,135.23 against any possible subsequent judgment. A jury subsequently awarded Beard $10,-944.96, of which $2,938.48 represented medical expenses, and $506.48 represented loss of wages. On joint motion of State Farm, both as intervening plaintiff and intervening defendant, an agreed order was entered dismissing the intervening complaint.

Prior to the entry of judgment, as counsel for Beard, Klapheke requested the trial court for an attorney's fee of $1,045.08, or one-third of the amount recovered by State Farm. KRS 304.39–070(5). The latter objected, arguing that since its intervening complaint had been dismissed, there had been no reimbursement or recovery of basic reparation benefits under the language of the statute. Nevertheless, the trial court awarded Klapheke an attorney's fee of $1,048.08. Furthermore, it allowed Puckett a credit or set-off in the amount of $3,135.23, or the amount of the basic reparation benefits paid to Beard by State Farm. It is from such judgment that the appellants now appeal.

Essentially, the appellants argue that the trial court erred, as a matter of law, in awarding Klapheke an attorney's fee given the language of KRS 304.39–070(5). Specifically, they argue that in light of the dismissal of the intervening complaint, there was no reimbursement or recovery by State Farm of basic reparation benefits

paid to Beard. As such, they argue that under the specific language of the statute, Klapheke was not entitled to an attorney's fee.

The relevant portion of KRS 304.39–070(5) states as follows:

An attorney representing a secured person in any action filed under KRS 304.39–060 shall be entitled to a reasonable attorneys' fee in the event that reparation benefits paid to said secured person by that secured person's reparation's obligor are reimbursed by any insurance carrier on behalf of a tortfeasor who is the defendant in any such action filed by the said secured person...

Here, the situation is somewhat anomalous in that State Farm is the insurer of both the secured person and the tortfeasor. Given this fact, it is evident why State Farm failed to pursue its subrogation claim for basic reparation benefits paid to its insured. To pursue such a claim would be to pursue a claim against itself or, in the language of the Court in *Hargett v. Dodson*, Ky.App., 597 S.W.2d 151 p. 152 (1979), it would be, "... likened to a cat chasing its own tail; if it succeeded, it would only bite itself..." Strictly construing the language of the statute, there was no reimbursement of basic reparation benefits paid to a secured party by that party's reparation obligor by any insurance carrier on behalf of a tortfeasor. As such, the attorney representing the secured person, here the appellee-Klapheke, was not "entitled to a reasonable attorneys' fee." Consequently, the judgment of the trial court in this respect was in error.

Although it is arguable that a court may construe portions of KRS 304.39–070(5) with principles of equity in mind—*see Meridian Mut. Ins. Co. v. Walker*, Ky.App., 602 S.W.2d 181 (1980); *Grange Mutual Cas. Co. v. Woodall*, Ky.App., 28 Ky.L.Summ. 16 (Nov. 25, 1981), (Disc.Rev. Granted March 2, 1982)—this Court is bound to construe the language in question strictly.

In *Progressive Cas. Ins. Co. v. Kidd*, Ky., 602 S.W.2d 416 (1980), the Court held that the procedures outlined in subsections (2)

and (3) of the statute were mandatory. Such sections allow a reparation obligor to recover basic reparation benefits paid to its insured only if it intervenes as a party in the separate tort action, or submits its claim to arbitration. In ruling that the insurer in *Progressive, supra,* had forfeited its claim to recover basic reparation benefits because it failed to follow the statutory procedure, the Court underscored the language of KRS 304.39–060(2)(a) which provides that:

Tort liability with respect to accidents occurring in this Commonwealth and arising from the ownership, maintenance, or use of a motor vehicle is 'abolished' for damages because of bodily injury, sickness or disease to the extent the basic reparation benefits provided in this subtitle are payable thereof...

The *Progressive* Court held that this language, and the language in KRS 304.39–070, prevents an injured party from asserting a claim for benefits that it has already received from its insurer in the form of basic reparation benefits. It held that such damages may only be properly awarded when the insurance company is joined as a party.

Here, to preserve its subrogation rights, State Farm filed an intervening complaint as mandated by KRS 304.39–070(2), (3). Furthermore, following the language of the Court in *Progressive* and also the language of KRS 304.39–060(2)(a), it requested the trial court through its insured, Puckett, to strike from the appellee's complaint the demand for medical expenses and loss of wages. In other words, it made motion to prevent the appellee from obtaining a double recovery. In this same motion, State Farm requested the trial court to allow Puckett a credit or set-off in the amount of $3,135.23 against any subsequent judgment, if the claim for medical expenses and loss of wages remained. This request followed the decision of the Court in *Hargett, supra,* which allowed a defendant a credit or set-off in the amount of the basic reparation benefits paid to the plaintiff by its insurer. In terms of both its compliance with the relevant statutes, and its following the lan-

guage of the Court in *Progressive* and *Hargett*, State Farm acted properly.

Although Klapheke cites the language of the Court in *Meridian, supra,* for the proposition that the counsel who assumes the burden of representation is entitled to a reasonable attorney's fee, we find *Meridian* clearly distinguishable. There, the Court attempted to define "representation" as between the secured party's own counsel and the counsel provided to him by his insured. Unlike the instant situation, the secured party's insurer filed and pursued an intervening complaint to recover basic reparation benefits. Similarly, in *Woodall, supra,* the secured party's insurer or reparation obligor filed and pursued an intervening complaint to assert its statutory subrogation claim for basic reparation benefits paid to its insured. Neither decision dealt with the question of whether KRS 304.39–070(5) allows an attorney to recover a reasonable attorney's fee if there has been no reimbursement by the secured person's insurer from another insurance carrier on behalf of a tortfeasor.

Although the record is undisputed that the appellee assumed the burden of representation in pursuing Beard's claim for damages, the statute is equally clear. Here, there was no reimbursement or recovery by State Farm for benefits paid to Beard. It elected not to pursue its claim for such benefits given the fact that it would be pursuing a claim against itself. Although the statute may work an unjust result for an attorney in a situation where both the secured party and the tortfeasor are represented by the same insurance company, we feel that the proper remedy lies with the legislature rather than with the Courts. Accordingly, that portion of the judgment of the trial court awarding an attorney's fee to Klapheke is reversed.

The judgment of the trial court is affirmed, except as to the award of an attorney's fee to the appellee under KRS 304.39–070(5). The trial court is directed to enter a new judgment deleting the award of an attorney's fee to the appellee.

GUDGEL, J., concurs.

VANCE, J., concurs in a separate opinion.

VANCE, Judge, concurring.

I concur with the result because the tort liability of Puckett to Beard was abolished to the extent that basic reparations benefits were payable therefore. KRS 304.39–060(2)(a). *Progressive Casualty, supra.* Since the appellee Beard had no right to assert a claim against Puckett for medical expenses and wage loss, Puckett's motion to strike those claims from her petition should have been sustained. The elimination of those claims from one petition would have made it unnecessary for State Farm to file an intervening petition but, nevertheless, accomplish the same result without subjecting itself to the risk of an attorney's fee such as was awarded in this case.