John DUDAS, Appellant,

v.

Richard KACZMAREK, Appellee.

Court of Appeals of Kentucky.

May 20, 1983.

John G. Crutchfield, Ewen, MacKenzie & Peden, P.S.C., Louisville, for appellant.

W. David Klingman, Frockt & Klingman, Louisville, for appellee.

Before DUNN, LESTER and WILHOIT, JJ.

WILHOIT, Judge.

■ The sole question presented in this appeal is whether an injured party in a vehicular accident may recover in his negligence action against an alleged tortfeasor amounts which he has received, or is entitled to receive, from an insurance company as basic reparation benefits [BRB] under the Kentucky Motor Vehicle Reparations

Act, KRS 304.39–010 to –340. We hold that when this is properly objected to, he may not.

The appellant, John Dudas, was found by a jury of the Jefferson Circuit Court to have been the driver of a vehicle in which the appellee, Richard Kaczmarek, was a passenger. Kaczmarek claimed in his complaint to have sustained injuries as the result of a collision between Dudas's automobile and another vehicle; the driver and owner of the second vehicle were granted a summary judgment dismissing with prejudice all claims against them. The jury found for Kaczmarek on his claim against Dudas and awarded him damages for hospital and medical expenses of $7,894.84, lost wages of $12,806.24, and pain and suffering of $5,000.00, a total of $25,701.08. Although the circuit court initially ordered that the judgment on the jury's verdict was to "omit[ ] benefits paid by [Kaczmarek's] insurer as BRB[,]" the court subsequently set aside that order and entered the judgment appealed from, awarding Kaczmarek the total amount of damages found by the jury. An agreed statement filed in the record indicates that Kaczmarek's insurer, who was not a party to the action below, paid him $8,008.85 in medical expenses and lost wages as a result of the collision.

■ Although no direct authority is cited, the appellee argues that it was necessary for the appellant to raise the nonrecoverability of basic reparation benefits from him as an affirmative defense in his answer to the appellee's complaint. That complaint alleged, in substance, that the appellee had been injured through use of a motor vehicle on a public highway of this Commonwealth; he is, therefore, deemed to have accepted the provisions of the Motor Vehicle Reparations Act, including, of course, KRS 304.39–060(2)(a)[1]. See KRS 304.39–060(1). If the

1. KRS 304.39–060(2)(a) provides:

Tort liability with respect to accidents occurring in this Commonwealth and arising from the ownership, maintenance, or use of a motor vehicle is "abolished" for damages because of bodily injury, sickness or disease to the extent the basic reparation benefits provided in this subtitle are payable therefor, or that would be payable but for any deductible authorized by this subtitle, under any insurance policy or other method of security complying with the requirements of this subtitle, except to the extent noneconomic detriment qualifies under subsection (2)(b) hereof.

appellee intended to pursue recovery of the first $10,000 of his economic loss, which is payable as BRB under the Act, in this action, then his was the burden of showing the inapplicability of the Act. *D & B Coal Co. v. Farmer*, Ky., 613 S.W.2d 853 (1981). We do not believe that this matter constituted an affirmative defense.

In *Hargett v. Dodson*, Ky.App., 597 S.W.2d 151, 152 (1979), we recognized that "KRS 304.39–060 expressly abolishes tort liability to the extent compensated by BRB." In *Progressive Casualty Insurance Co. v. Kidd*, Ky., 602 S.W.2d 416 (1980), the Supreme Court quoted this language from the *Hargett* opinion and stated that "under the Kentucky No-Fault Act, an injured party is not entitled to an award of damages from the defendant in the trial on liability for any item of damages which was compensated by BRB." *Id.* at 417. In reluctantly permitting the injured party a double recovery on items encompassed in basic reparation benefits, the Court in *Kidd* was not faced with the situation that we have here. The appeal in *Kidd* did not result from a challenge by the tortfeasor to the injured party's being awarded damages encompassed in basic reparation benefits in a negligence action, as we have here, but rather from a separate declaratory judgment action on disbursement of funds paid to satisfy the judgment in a negligence action. *Kidd* provides no authority for a double recovery in the present case. Indeed, the Supreme Court closes its opinion in *Kidd* by expressing its hope that in the future "damages will not be awarded to injured parties who have already been provided BRB when the insurer is not a party to the action." 602 S.W.2d at 418.

Having determined that the appellee is not entitled to a double recovery, we are confronted with the more troublesome question of whether the appellant is to receive a reduction in the judgment by $8,008.85 (the amount of BRB paid) or by $10,000.00 (the maximum amount of BRB

payable). The jury awarded the appellee $20,701.08 for medical expenses and lost wages; the first $10,000 in damages sustained for these items are recoverable as basic reparation benefits. *See* KRS 304.39–020(2) & (5). We believe that KRS 304.39–060(2)(a) is unambiguous on this point; it clearly states that tort liability is abolished "to the extent the basic reparation benefits provided in this subtitle are *payable* therefor[.]" (Emphasis added.) That an individual does not elect to pursue basic reparation benefits to the maximum payable under the Motor Vehicle Reparations Act does not somehow give him an opportunity to obtain the difference between what he has received and the maximum payable in any recovery that he may secure by legal action against a tortfeasor because, by the statute, there is no tort liability on the tortfeasor for the $10,000 of damages on those elements included in basic reparation benefits. If the appropriate reparation obligor, *see* KRS 304.39–050, is not forthcoming in paying basic reparation benefits to the statutory maximum, the injured party has a remedy under the Act to collect them. *See* KRS 304.39–210, –220, –160. Admittedly, in *Hargett v. Dodson, supra,* this Court allowed a plaintiff to recover from a defendant an amount for damages within the maximum payable for basic reparation benefits after reduction by the amount of basic reparation benefits paid. However, in that case, unlike this one, the reparation obligor of the plaintiff was also the obligor of the defendant, and the Court sanctioned that approach to avoid "a circuitous exercise." 597 S.W.2d at 153. That technique has no application here. The exception to the partial abolition of tort liability under the Act which the appellee would have us read into the Act from *D & B Coal Co. v. Farmer, supra,* does not follow from that opinion, nor does it have a basis in the provisions or policies of the Act. *See Fann v. McGuffey,* Ky., 534 S.W.2d 770, 774 n. 23 (1975).

Under KRS 304.39–020(2), a person may obtain a maximum of $10,000 in basic reparation benefits as the result of a particular accident.

The record reflects that the appellant has satisfied the judgment except for $10,000, the maximum payable to the appellee as basic reparation benefits. On remand, the circuit court shall amend its judgment to reduce the amount of the jury's award by $10,000 in accordance with KRS 304.39–060(2)(a).

The judgment of the circuit court is reversed for entry of a judgment consistent with this opinion.

All concur.