**Alan M. CARTA, Movant,**

v.

**Theta M. DALE, Respondent.**

Supreme Court of Kentucky.

Oct. 16, 1986.

Douglas B. Taylor, Mark E. Smith, Louisville, for movant.

Stuart N. Pearlman, Louisville, for respondent.

VANCE, Justice.

Movant, Alan M. Carta, the owner and operator of a motor vehicle which collided with a vehicle operated by respondent, Theta M. Dale, was sued by Mrs. Dale for bodily injuries, pain and suffering, medical expenses, and lost wages. Neither of the parties had rejected the Motor Vehicle Reparations Act, and each of them was insured by the same insurer, State Farm Mutual Automobile Insurance Company.

As the insurer of Mrs. Dale, State Farm Mutual paid basic reparations benefits to her for medical expenses and lost wages. At the trial of her lawsuit against Carta, State Farm Mutual did not intervene to recover the sums it had paid or was obligated to pay to Mrs. Dale as basic reparations benefits.

Carta, however, objected to the submission to the jury of any claims against him for lost wages and medical expenses on the ground that K.R.S. 304.39–060(2)(a) abolished his tort liability for those items of damage.

The trial court submitted the claims for lost wages and medical expenses to the jury, and the jury returned a verdict for Mrs. Dale as follows; pain and suffering, $20,000.00; medical expenses, $1,749.35; lost wages, $3,700.00.

Over movant's objection, judgment was entered in accord with the verdict, and movant's motions to amend the judgment and for a new trial were overruled. Movant then appealed to the Court of Appeals which dismissed the appeal because of the failure of movant to join the reparations obligor, State Farm Mutual Automobile Insurance Company, as a necessary party. We granted discretionary review.

K.R.S. 304.39–060(2)(a) provides:

"Tort liability with respect to accidents occurring in this Commonwealth and

arising from the ownership, maintenance, or use of a motor vehicle is 'abolished' for damages because of bodily injury, sickness or disease to the extent the basic reparation benefits provided in this subtitle are payable therefor, or that would be payable but for any deductible authorized by this subtitle, under any insurance policy or other method of security complying with the requirements of this subtitle, except to the extent non-economic detriment qualifies under subsection (2)(b) hereof."

■ The effect of this statute is to abolish the claims for lost wages and medical expenses of a person injured in an automobile accident against the person who caused the injury to the extent that basic reparations are payable therefor. *Progressive Insurance Company v. Kidd,* Ky., 602 S.W.2d 416 (1980); *Dudas v. Kaczmarek,* Ky.App., 652 S.W.2d 868 (1983). The injured person can assert a claim only for those damages which exceeded the amounts payable as basic reparation benefits. If it elects to do so, the basic reparations obligor may intervene as the real party in interest to recover the sums payable by it as reparation benefits.

■ Because the tort liability of movant Carta to the respondent Dale was abolished to the extent that basic reparations were payable to the respondent, Carta certainly had the right to object to the submission to the jury of the claims for lost wages and medical expenses which were payable to Mrs. Dale as reparation benefits. The submission of these claims to the jury was error, and the judgment allowing recovery of these items of damage against movant was erroneous. Unquestionably, the movant had standing to appeal in his own name from the entry of an erroneous judgment against him.

The confusion in this case arises from the fact that we have held that a reparations obligor cannot recover payments made as reparation benefits unless it intervenes as a party or seeks arbitration as required by K.R.S. 304.39–070(3). In this case, State Farm Mutual Automobile Insurance Company has not attempted in any way to recover the reparation benefits that it paid. Here, State Farm Mutual was the insurer for each of the parties involved in this accident. As the insurer of Mrs. Dale, it paid reparation benefits to her. In her lawsuit against Carta, State Farm Mutual did not intervene to recover from Carta, or his carrier, the reparation benefits it had paid to Mrs. Dale because State Farm Mutual was also Carta's insurer, and, in effect, by so intervening State Farm Mutual would simply be suing itself.

■ The failure of State Farm Mutual to intervene as a party at the trial to recover reparation benefits payable by it did not constitute an assignment of its subrogation rights to Mrs. Dale. *Progressive Insurance Company v. Kidd, supra,* was a case in which no objection was interposed at trial to the recovery by an injured person of damages for which had already been compensated by reparation benefits. The judgment which permitted that recovery was entered without objection. In that case the insurance carrier which had paid the basic reparation benefits was not permitted to recover those benefits by means of an order of distribution permitting it to share in the proceeds of the judgment. The effect of this was to allow the claimant a double recovery, but it was permitted only because the basic reparations obligor had not followed the procedure required by K.R.S. 340.39–070(3). *Progressive Insurance Company v. Kidd, supra,* has no application at all to a case such as this where the right of the injured person to recover damages which were properly payable as reparation benefits was objected to at trial.

■ In this case, the respondent Dale was not entitled to recover from movant Carta lost wages and medical expenses to the extent that they were payable as reparation benefits. An appeal by Carta from the judgment erroneously allowing her such a recovery does not in any way constitute a proceeding for the recovery by the reparations obligor of sums it has paid as

basic reparation benefits. The movant Carta has standing to prosecute this appeal in his own name, and State Farm Mutual Automobile Insurance Company is not a necessary party to the appeal.

The judgment is reversed with direction that a new judgment be entered which will delete any recovery against movant Carta for lost wages or medical expenses.

All concur.

LEIBSON, J., concurs by separate attached concurring opinion, in which STEPHENS, C.J., joins.

LEIBSON, Justice, concurring.

Our opinion holds that the "effect of [KRS 304.39–060(2)(a)] is to abolish the claims for lost wages and medical expenses of a person injured in an automobile accident against the person who caused the injury to the extent that basic reparations are payable therefor."

As an inevitable consequence of our decision trial courts will be confronted with deciding what to do when evidence of lost wages and medical expenses of a person injured in an automobile accident is offered, not to prove special damages, but because it raises a legitimate inference as to pain and suffering caused by the injuries.

This question is answered in *Barnes v. Jones*, Ky., 351 S.W.2d 506 (1961), wherein our Court held that it was reversible error for the trial court to refuse to permit the introduction of evidence of the amount of special damages, offered for its evidentiary value as it bears on the question of pain and suffering. The Court stated:

"One of the few concrete standards by which a jury may measure pain and suffering is the cost incurred by reason of special damages. To preclude testimony on that point was prejudicial error." 351 S.W.2d at 507.

*See also, Williams v. Balmut*, 298 Ky. 249, 182 S.W.2d 779 (1944), which holds to the same effect.

Therefore, the evidence of the claimant's special damages are admissible for their evidentiary value as it pertains to the claimant's pain and suffering, even though the claim is otherwise precluded by the No-Fault Act.

STEPHENS, C.J., joins in this concurring opinion.