John E. HALL, Sr., Guardian and Next Friend of John E. Hall, Jr.; Jessica Hall; and John E. Hall, Sr., as the Administrator of the Estate of Nellie Ward, Appellants,

v.

Lloyd FANNIN and Martin County Board of Education, Appellees.

No. 92–CA–1886–MR.

Court of Appeals of Kentucky.

June 3, 1994.

Review Withdrawn Aug. 26, 1994.

Glenn E. Acree, McBrayer, McGinnis, Leslie & Kirkland, Lexington, David A. Nunery, Campbellsville, for appellants.

Eugene C. Rice, J.K. Wells, Paintsville, for appellees.

Before HUDDLESTON, JOHNSON and McDONALD, JJ.

McDONALD, Judge.

The sole question presented in this appeal is whether the trial court correctly calculated the liability of the appellees for damages due to the appellants, John Hall and Jessica Hall. This appeal follows a jury trial arising out of a motor vehicle accident between a car driven by Nellie Ward and a school bus driven by Lloyd Fannin. The collision killed Nellie Ward and injured her two children, Jessica Hall and John Hall, who were passengers in her car.

Appellant, John E. Hall, Sr., brought suit on behalf of his two injured children against appellees, Lloyd Fannin and his employer, the Martin County Board of Education. Following a trial, the jury found Nellie Ward 85% at fault and Lloyd Fannin and the Martin County School Board 15% at fault. The Halls did not sue their mother, Nellie Ward, and therefore no recovery was made from her estate.

The jury determined that Jessica Hall's damages totalled $172,959.38 ($150,000 for pain and suffering; $22,959.38 for medical expenses), and John Hall's damages totalled $286,850.25 ($203,750 for pain and suffering; $83,100.25 for medical). The trial court then multiplied these awards by 15% to determine the dollar amount of Lloyd Fannin's and the Martin County Board of Education's liability. Next, the trial court subtracted $10,000, for each child, ($20,000) from the appellees' liability representing basic reparations benefits received by the appellants from their mother's automobile insurer. The result was that the appellees' liability was set-off by the full $20,000 instead of $3,000 (15% × $20,000). The appellants argue, and we agree, that the proper way to calculate the liability of a co-tortfeasor in an automobile accident case would be to first reduce the total award by the BRB set-off, then multiply that amount by the degree of fault of each co-tortfeasor.

In their briefs, the parties become embroiled over the concept of apportionment of basic reparation benefits. The appellants insist that joint tortfeasors should be given credit for basic reparation benefits against their liability for damages in the same percentage as their portion of fault. The appellees insist that apportionment is improper as it would result in a double recovery for the plaintiffs. While we agree the trial court erred in its calculation of the appellees' liability, we are not persuaded by the reasoning of either party.

The appellants state that the issue of apportionment of basic reparation benefits has not been addressed in Kentucky. The reason this has not been addressed is, we believe, because the concept of apportionment has no relationship to reduction of a jury's verdict for sums paid or payable in basic reparation benefits. Our reasoning begins with an analysis of the applicable Kentucky statutes. KRS 304.39–060 limits tort recovery under the Motor Vehicle Reparations Act. KRS 304.39060(2)(a) states:

Tort liability with respect to accidents occurring in this Commonwealth and arising from the ownership, maintenance, or use of a motor vehicle is "abolished" for damages because of bodily injury, sickness or disease to the extent that basic reparation benefits provided in this subtitle are payable therefor, or that would be payable but for any deductible authorized by this subtitle, under any insurance policy or other method of security complying with the requirements of this subtitle, except to the extent noneconomic detriment qualifies under paragraph (b) of this subsection.[1]

The Supreme Court of Kentucky has interpreted this statute, "[U]nder the Kentucky No–Fault Act, *an injured party is not entitled to an award of damages from the defendant in the trial on liability for any item of damages which was compensated by BRB.*" *Progressive Casualty Insurance Company v. Kidd,* Ky., 602 S.W.2d 416, 417 (1980) (emphasis added); *State Automobile Mutual Insurance Company v. Empire Fire & Marine Insurance Company,* Ky., 808 S.W.2d 805, 806 (1991).

As the Supreme Court recently reiterated in *Ohio Casualty Insurance Company v. Ruschell,* Ky., 834 S.W.2d 166, 169 (1992), citing *Cingoranelli v. St. Paul Fire & Ma-*

1. KRS 304.39–020(2) states that a person may obtain a maximum of $10,000 in basic reparation benefits as the result of any one particular accident.

*rine Ins.,* 658 P.2d 863 (Colo.1983), the "losses underlying these claims [for BRB] are not compensable in a tort action and, therefore, *would not constitute part of any judgment that might subsequently be satisfied ...*" (emphasis added). *See also, Stone v. Kentucky Insurance Guaranty Association,* Ky. App., 858 S.W.2d 726 (1993). In other words the judgment to which each tortfeasor's percentages of fault are applied may not include sums up to $10,000 for which no-fault benefits were paid in the first instance. Accordingly, as we set out in *Dudas v. Kaczmarek,* Ky.App., 652 S.W.2d 868 (1983), after the jury's verdict is reached which includes damages for items covered by basic reparation benefits, the court must deduct the BRB from the award. It is this step at which the judgment is properly arrived. *Id.* at 871.

The appellees' argument that subtracting the BRB from the verdict *before* multiplying the percentage of its obligation for damages results in a double recovery for the appellants is absurd. Double recovery is clearly not the result as basic reparation benefits are subtracted from the judgment. What is even more puzzling is the appellees' argument that, because the Halls chose not to sue their mother (the driver determined to be 85% at fault), they have "elected to excuse [her] from paying against their medical expenses." What the Hall children have waived is recovery of their *tort damages* to the extent of their mother's percentage of fault. Again, tort damages do not, by operation of KRS 304.39–060(2), include $10,000 in basic reparations benefits.

It is readily apparent that the double recovery argument has no merit, as Jessica Hall received a judgment against the appellees for a sum less than 15% of the jury's award for pain and suffering alone, a sum not susceptible to being diminished by payments made by the reparations obligor. (15% of $150,000 is $22,500. She received only $15,943.90). John Hall received 15% of the pain and suffering award but only about 5% of his medicals (after deducting the BRB), not 15%. The trial court's method of calculating the appellees' liability to the appellants has resulted in a windfall to appellees in the amount of $17,000 ($8,500 per child) and has

allowed the appellees to pay *less* than their degree of fault for the Hall children's injuries.

In any tort case it is important that the principle basis for a tort action is fulfilled; that the injured party be made whole. It is also important that the defendant pay "... an amount equal to his degree of fault, no more and no less." *Stratton v. Parker,* Ky. 793 S.W.2d 817, 820 (1990). The instant case, as it stands, violates both of these principles. The Halls are denied recovery of $8,500 due to them, and the defendants are liable for damages not in agreement with their respective percentage of fault.

In conclusion, the circuit court's judgment is reversed on the issue of the BRB set-off, and the case is remanded with directions to reduce the jury's verdict by the BRB and then apply the appropriate percentages in calculating the correct award.

All concur.