390 So.2d 420 (1980)
FLORIDA INSURANCE GUARANTY ASSOCIATION, Appellant,
v.
Alfred GUSTINGER, Jr. and Kenneth Ryskamp, Appellees.
No. 80-725.
District Court of Appeal of Florida, Third District.
November 12, 1980.
Marlow, Shofi, Ortmayer, Smith, Connell & Valerius and Joseph H. Lowe, Miami, for appellant.
Alfred Gustinger, Jr., Goodwin, Ryskamp, Welcher, Carrier & Donoff, Miami, for appellees.
Before HENDRY, SCHWARTZ and NESBITT, JJ.
SCHWARTZ, Judge.
On January 6, 1978, an industrial claims judge entered an order awarding the claimant's attorney, Alfred Gustinger, a $20,000 fee in the workmen's compensation proceeding of Jackson v. Raystan Theatres and Consolidated Mutual Insurance Company. The employer and carrier appealed to the full Industrial Relations Commission, which, on November 7, 1978, both affirmed the order below and granted Kenneth Ryskamp an additional $250.00 in appellate attorney's fees. On December 1, 1978, the Insurance Department was appointed as Ancillary Receiver of the insurer, Consolidated Mutual, which had become insolvent. In 1979, Gustinger and Ryskamp filed the present proceeding in the Dade County Circuit Court, seeking a rule nisi for the enforcement of the fee awards against Raystan, Consolidated, and the Florida Insurance Guaranty Association (FIGA), as Consolidated's statutory successor. The trial judge entered final judgment for the plaintiffs against FIGA for the amounts of the fees plus interest from the dates of the respective awards. In addition, $4,800 in attorney's fees were *421 assessed for the prosecution of the rule nisi proceeding itself. FIGA appeals. With the exception of the interest allowance, we affirm.
FIGA's initial contention is that the petition for a rule nisi could not properly have been maintained against it, since it was not a named party in the workmen's compensation proceedings. We disagree. The rule nisi action authorized by Section 440.24(1), Florida Statutes (1977) was specifically designed to secure the enforcement of duly entered compensation orders against employers and carriers such as Consolidated. Under Section 631.57(1)(b), Florida Statutes (1979), FIGA is subject to all of the "rights, duties and obligations of the insolvent insurer as if the insurer had not become insolvent." It is obvious therefore that it was amenable, as Consolidated's replacement, to the petition for a rule nisi.
We next hold, despite its argument to the contrary, that the attorney's fee awards in the compensation proceedings are "covered claims" for which FIGA is responsible. Section 631.54(4), Florida Statutes (1979) provides:
(4) `Covered claim' means an unpaid claim ... which arises out of, and is within the coverage, and not in excess of, the applicable limits of an insurance policy to which this part applies... .
Since the workmen's compensation policy issued by Consolidated to Raystan Theatres obviously insured against the employer's responsibility to pay the claimant's attorney's fees under the then-existing provisions of the workmen's compensation law[1] the statutory definition plainly applies.
The appellant's challenge to the $4,800 award for the rule nisi services is similarly ill-founded. As the court held in Zinke-Smith, Inc. v. Florida Ins. Guaranty Ass'n, Inc., 304 So.2d 507, 510 (Fla.4th DCA 1974), cert. denied, 315 So.2d 469 (Fla. 1975), fees for the prosecution of a "covered claim" against FIGA are ordinarily recoverable pursuant to the general "insurance-attorney's fee" statute, Section 627.428, Florida Statutes (1979). FIGA invokes, however, Section 631.70, Florida Statutes (1979), which was enacted in 1977, apparently in response to Zinke-Smith, and which provides:
The provisions of s. 627.428 providing for an attorney's fee shall not be applicable to any claim presented to the association under the provisions of this part, except when the association denies by affirmative action, other than delay, a covered claim or portion thereof.
In the rule nisi proceeding, FIGA's answer, in a self-styled "affirmative defense," specifically claimed "[t]hat any claim for attorneys' fees against Consolidated ... does not come within the definition of `covered claim' as used in the Act." In our view, FIGA's presentation of this contention in this manner constituted the "deni[al] by affirmative action, other than delay, [of] a covered claim," within the meaning of the exception provided by Sec. 631.70. Furthermore, the trial court was authorized to assess fees in the rule nisi proceeding pursuant to Section 440.34(1), Fla. Stat. (1977). Steele v. A.D.H. Building Contractors, Inc., 196 So.2d 430 (Fla. 1967); McCormick v. Messink 208 So.2d 113 (Fla.2d DCA 1968), cert. denied, 218 So.2d 174 (Fla. 1968). FIGA's liability under that statute is unaffected by Sec. 631.70.
Sec. 631.57(1)(b), Fla. Stat. (1979), clearly states that "[i]n no event shall the association be liable for any penalties or interest." Applying this unambiguous statutory language, see, Fernandez v. Florida Insurance Guaranty Association, Inc., 383 So.2d 974 (Fla.3d DCA 1980), we strike the allowance of interest on the compensation fee awards from the dates of their entry to the date of the final judgment, March 26, 1980.[2] Otherwise, *422 the judgment under review is affirmed.
Affirmed in part, reversed in part.[3]
NOTES
[1] § 440.34, Fla. Stat. (1977). Fee awards are not "penalties," such as those provided in Section 440.20(5), (6), Florida Statutes (1977), for which FIGA would not have been liable under Sec. 631.57(1)(b), Fla. Stat. (1979), discussed infra.
[2] FIGA's non-liability for interest applies, under Sec. 631.57(1)(b), Fla. Stat. (1979), only with respect to "covered claims." FIGA remains responsible for the payment of lawful interest on the final judgment itself from the date of entry. § 55.03, Fla. Stat. (1979).
[3] Although the issue clearly should have been raised in a motion to review under Fla.R.App.P. 9.310(f), FIGA claims as a point on appeal that the trial court erroneously required it to post a supersedeas bond to stay execution on the judgment below. It contends that it is a "public body" which is entitled to an automatic stay under Fla.R.App.P. 9.310(b)(2). This contention is without merit. Kuvin, Klingensmith & Lewis, P.A. v. Florida Insurance Guaranty Association, Inc., 371 So.2d 214 (Fla.3d DCA 1979).