Carl STONE, Appellant,

v.

**KENTUCKY INSURANCE GUARANTY ASSOCIATION, Appellee.**

**No. 92–CA–998–MR.**

Court of Appeals of Kentucky.

Aug. 6, 1993.

Joseph B. Murphy and Steven F. Vicroy, Murphy & Enlow, Lexington, for appellant.

William P. Swain, Boehl Stopher Graves & Deindoerfer, Louisville, for appellee.

Before DYCHE, McDONALD and WILHOIT, JJ.

McDONALD, Judge.

In 1983, a vehicle owned by the appellant, Carl Stone, was involved in an accident in which Donna Nolan was injured. Stone had liability insurance coverage with Early American Insurance Company of Alabama; however, that company became insolvent. Nolan sued Stone in the Wolfe Circuit Court and Stone was defended by the appellee, Kentucky Insurance Guaranty Association (KIGA). We do not have the record from this proceeding before us. The parties have informed us in the briefs that a verdict was originally returned for Nolan in the sum of $5,000. This verdict was set aside upon Nolan's motion for new trial. Stone's attempt to get KIGA to settle the claim subsequent to a new trial was unsuccessful.

Prior to the second trial on Nolan's claim for damages in February, 1990, Stone's attorney attempted to get a continuance on the basis that there was not "sufficient evidence in the record, other than the information furnished by [Nolan's] counsel, that

approximately $5,300 has been paid" to Nolan in basic reparation benefits.[1] The motion was denied, and Nolan was awarded $80,000 by the jury. This amount reflected an award of $30,000 for pain and suffering, $20,000 for medical expenses, and $30,000 for impairment of earning capacity. Inexplicably the attorney representing Stone made no motion to have the judgment reduced by $10,000 to comport to KRS 304.-39-060. Although KIGA, who was defending Stone, made no attempt to reduce the judgment, it nevertheless took the position that Nolan was entitled to $10,000 in basic reparation benefits and subtracted that sum from its statutory liability of $50,000.[2]

Stone commenced this action against KIGA on February 4, 1991, alleging KIGA wrongfully refused to settle Nolan's claim against him within its $50,000 limits and seeking payment of the judgment against him by KIGA. KIGA then paid $40,000 into court to partially satisfy Nolan's claim, leaving Stone owing the remaining $40,000, plus interest.

When Stone moved for a trial date, KIGA moved for and was granted a summary judgment. Stone moved to set aside the summary judgment and argued that at the least KIGA should be required to pay its full statutory liability of $50,000. His motion was denied.

Although Stone has apparently abandoned his claim of bad faith against KIGA in this appeal, he insists it was erroneous for the trial court to dismiss his claim that KIGA owed $50,000, not $40,000, on the judgment obtained by Nolan against him. He reasons this was error because there was no evidence introduced into this record that Nolan received any basic reparation benefits. KIGA is insistent that such evidence is not necessary as the trial judge could take judicial notice that Nolan was entitled to $10,000 in PIP benefits.

1. The brief record before us does not explain why Stone's lawyer did not take the necessary discovery prior to trial to ascertain what benefits, if any, Nolan received or was entitled to under her own policy.

2. This amount has since been increased to $100,000.

We agree with appellant that the trial court erred but for different reasons. KRS 304.36–120(1) provides:

> **304.36–120. Nonduplication of recovery.**—(1) Any person having a claim against his insurer under any provision in his insurance policy which is also a covered claim shall be required to exhaust first his right under such policy. Any amount payable on a covered claim under this subtitle shall be reduced by the amount of such recovery under the claimant's insurance policy.

This statute has been interpreted to require injured claimants whose tortfeasor's insurer has become insolvent to seek recovery under their own insurers before looking to the guaranty association. *See Kentucky Insurance Guaranty Association v. State Farm Mutual Automobile Insurance Company,* Ky.App., 689 S.W.2d 32 (1985), and *Hawkins v. Kentucky Insurance Guaranty Association,* Ky.App., 838 S.W.2d 410 (1992). In fact, in *Hawkins* the court *in dicta* states that "... KIGA's liability shall be reduced by *any* amount recovered from a claimant's own insurer by reason of the same insured event for which the KIGA claim is made." *Id.* at 411. (Emphasis added).

However, we are convinced that payments made under one's policy for basic reparation benefits are not deductible from KIGA's liability. We reach this conclusion because tort liability has been abolished in Kentucky up to $10,000 pursuant to KRS 304.39–060. *Carta v. Dale,* Ky., 718 S.W.2d 126 (1986). The guaranty association is designed to step into the shoes of an insured whose insurer has become insolvent and to pay a "covered claim," up to its statutory maximum, if that claim is one "within the coverage of an insurance policy" issued by the insolvent insurer. KRS 304.36–050. Although the appellee association insists that PIP benefits should be treated exactly like uninsured coverage for purposes of reducing its liability, such a

result fails to recognize the true nature of basic reparation benefits. As our Supreme Court held in *Ohio Casualty Insurance Company v. Ruschell,* Ky., 834 S.W.2d 166, 170 (1992), "no fault benefits are *not* 'collateral source payments' in the first place." (Emphasis added). Unlike payments one is entitled to under uninsured or underinsured motorist coverage, payments of basic reparation benefits are not payments for any "element of damages in [a] tort action." *Id.* Clearly sums paid as BRBs are not a "covered claim." For this reason, KIGA is not entitled to offset any of its liability by sums Nolan received or is entitled to receive under her own policy for basic reparation benefits.

KIGA's assertion that "the credit for PIP is designed to benefit the Guaranty Association" is simply not justifiable under any interpretation of our Motor Vehicle Reparations Act. *Id.* Nor is there any merit in its argument that the nonduplication-of-recovery provision contained in KRS 304.36–120 requires that it be given credit for the PIP benefits. Therefore, we conclude KIGA should have paid $50,000 of the judgment obtained against Stone. The $10,000 to which Nolan was entitled in no-fault benefits should also have been deducted from the $80,000 judgment, leaving Stone personally liable for $20,000.[3] Because the judgment was not so reduced, Stone is responsible for paying $30,000.

Accordingly, the judgment of the Wolfe Circuit Court is remanded for entry of a judgment in favor of the appellant consistent with this opinion.

All concur.

---

3. KIGA faults Stone for not moving to have the judgment offset by the $10,000 sum. We are perplexed by this criticism as it is our understanding that KIGA was defending Stone in Nolan's suit against him.