BARFIELD, Judge.
We have for review a workers’ compensation order in which the judge of compensation claims determined that Florida Insurance Guaranty Association (FIGA) had no responsibility to pay the claimant’s attorney’s fees. We reverse.
Subsequent to the filing of a claim for benefits by the claimant, the employer’s carrier was placed in receivership. FIGA was then assigned the defense of the claim on behalf of the bankrupt carrier. FIGA’s only involvement was to appear at final argument on the issue of claimant’s entitlement to an award of attorney’s fees. The judge of compensation claims ruled that FIGA was not responsible for payment of attorney’s fees because there was no denial of the claim by affirmative action on the part of FIGA. The judge of compensation claims specifically relied upon section 631.70, Florida Statutes.
Section 631.70, Florida Statutes (1993), provides that the “provisions of s. 627.428 providing for an attorney’s fee shall not be applicable to any claim presented to the association under the provisions of this part, except when the association denies by affirmative action, other than delay, a covered claim or a portion thereof.” FIGA’s argument that section 631.70 applies to an award of attorney’s fees under section 440.34, Florida Statutes, is without merit. Liability for' attorney’s fees under section 440.34 is unaffected by section 631.70. See Florida Insurance Guaranty Association v. Gustinger, 390 So.2d 420 (Fla. 3d DCA 1980).
The fact that FIGA took no affirmative action in the handling of the claim is irrelevant. Section 631.57(l)(a) provides that FIGA shall be obligated to the extent of the covered claims and shall pay the full amount of any covered claim arising out of a workers’ compensation policy. Section 631.57(l)(b) provides that FIGA shall be “deemed the insurer to the extent of its obligation on the covered claims, and, to such extent, shall have all rights, duties, and obligations of the insolvent insurer as if the insurer had not become insolvent. In no event shall the association be liable for any penalties or interest.” An award of attorney’s fees to a workers’ compensation claimant is part of a covered claim for which FIGA may be responsible. Gustinger. An award of attorney’s fees is neither a penalty nor outside the scope of the policy. Florida Insurance Guaranty Association v. Renfroe, 568 So.2d 962 (Fla. 1st DCA 1990), review denied, 581 So.2d 1308 (Fla.1991).
*936 REVERSED and REMANDED for further proceedings.
ALLEN and KAHN, JJ., concur.