Carl STONE, Appellant,

v.

**KENTUCKY INSURANCE GUARANTY ASSOCIATION, Appellee.**

No. 94–CA–001358–MR.

Court of Appeals of Kentucky.

Oct. 27, 1995.

---

Steven F. Vicroy, Murphy & Enlow, Lexington, for appellant.

George Carter, William P. Swain, Boehl Stopher & Graves, Louisville, for appellee.

Before HOWERTON, HUDDLESTON and MILLER, JJ.

HUDDLESTON, Judge.

The question raised in this appeal is whether the Kentucky Insurance Guaranty Association (KIGA) is liable for interest on a judgment rendered against a covered driver in excess of the maximum obligation imposed on the association by the Kentucky Insurance Guaranty Association Act, Ky.Rev.Stat. (KRS) 304.36–010 to –170.[1] We hold that it is.

Carl Stone was involved in an automobile accident in 1983 that resulted in injuries to Donna Nolan. Nolan brought suit against Stone, who had liability insurance coverage with Early American Insurance Company of Alabama. When the carrier became insolvent, KIGA assumed the obligation of defending Stone. Following a trial, Nolan was awarded judgment against Stone in the sum of $80,000.00, interest and costs.

For nearly a year, KIGA did not pay any amount toward satisfaction of the judgment, and Stone was forced to sue the association. KIGA finally paid $40,000.00, but maintained that it was entitled to deduct from its maximum $50,000.00 obligation the sum of $10,-000.00 representing basic reparation benefits (BRBs) collected by Nolan from her own insurance carrier. The circuit court agreed,

and the issue became the subject of an appeal. In *Stone v. Kentucky Ins. Guar. Ass'n,* Ky.App., 858 S.W.2d 726, 728 (1993), this Court held that KIGA could not deduct from its maximum statutory obligation the BRBs paid to Nolan; the amount could only be deducted from that portion of the judgment, $30,000.00, that exceeded the statutory cap on KIGA's obligation. Following remand to the circuit court, KIGA paid the additional $10,000.00. It continued to deny responsibility for post-judgment interest in excess of the $50,000.00 statutory cap. When the circuit court declined to award interest, Stone appealed for a second time.

According to KRS 304.36–080(1)(a) and (b) and KRS 304.36–050, KIGA is obligated to pay a "covered claim," up to the $50,000.00 statutory maximum, if that claim is one "within the coverage of an insurance policy" issued by an insolvent insurer. KIGA is deemed the insurer to the extent of its obligation on the covered claim and to such extent has all rights, duties and obligations of the insolvent insurer. KRS 304.36–080(b).[2] It is beyond dispute that Stone is an insured within the meaning of the statute and that Nolan's claim is a covered claim.

KIGA cites three cases from other jurisdictions for the proposition that it is not liable for interest in excess of the statutory cap imposed by KRS 304.36–080(1)(a), but we do not find them persuasive. In *Oglesby v. Liberty Mut. Ins. Co.,* 832 P.2d 834 (Okla. 1992), the issue for decision concerned prejudgment; the Oklahoma Guaranty Association conceded that it was liable for post-judgment interest, even if the statutory cap was exceeded. *Id.* at 841.

As for the second case cited by KIGA, *Hankins Construction Co. v. Missouri Ins. Guar. Ass'n,* 724 S.W.2d 583 (Mo.Ct.App. 1986), we find opinions from other jurisdictions more compelling and more in tune with Kentucky law[3] than the view expressed by the Missouri court. That court would not

---

1. At times relevant to this action, KRS 304.36–080 contained a statutory cap of $50,000.00 on covered claims. The limit has since been raised to $100,000.00.

2. Although KRS 304.36–080 has been amended several times, the relevant portion of the statute has remained the same throughout with the exception of the amount of the statutory cap.

3. See below.

permit an award of interest in excess of the statutory cap because "[t]here is no provision in the statute which would allow the awarding of interest and the award of interest did not arise directly from the insurance policy or from the insurer or MIGA's obligations under the policy." *Id.* at 590.

*Nebraska Life & Health Ins. Guar. Ass'n v. Dobias,* 247 Neb. 900, 531 N.W.2d 217 (1995), which involved a health insurance policy, is distinguishable. The Nebraska statute is significantly different from the Kentucky statute and the statutes of several states that have allowed an award of post-judgment interest in excess of the statutory cap. 247 Neb. at 905, 531 N.W.2d at 221. Moreover, in a cogent dissent, Chief Judge White criticized the Court's decision on the ground that the Nebraska interest statute, by its language, had become a part of the insureds' contract with their now insolvent insurer at the time the health insurance policy was issued. Thus, he argued, it became an obligation of the state's guaranty association after the carrier's insolvency. 247 Neb. at 906, 531 N.W.2d at 222.

A number of jurisdictions, other than Missouri and Nebraska, have allowed post-judgment interest to be assessed against a guaranty association under acts like Kentucky's. *See, e.g., Ramage v. Alabama Ins. Guar. Ass'n,* 919 F.2d 1010, 1014, *vacated on other grounds,* 919 F.2d 1010, 1014 (5th Cir.1990); *Sifers v. General Marine Catering Co.,* 892 F.2d 386, 398 (5th Cir.1990) (applying Louisiana law); *Florida Ins. Guar. Ass'n v. R.V.M.P. Corp.,* 874 F.2d 1528, 1532 (11th Cir.1989); *NCNB Nat'l Bank of Florida v. Florida Ins. Guar. Ass'n,* 541 So.2d 728, 730 (Fla.Dist.Ct.App.1989); and *Florida Ins. Guar. Ass'n v. Gustinger,* 390 So.2d 420, 422 n. 2 (Fla.Dist.Ct.App.1980); *Gautro v. Fidelity Fire & Casualty Ins. Co.,* 623 So.2d 106, 109 (La.Ct.App.1993) (the Louisiana legislature has since amended the state's insurance guarantee association act to limit LIGA's exposure for preinsolvency interest and court costs); *Aztec Well Servicing Co., Inc. v. Property & Casualty Ins.,* 115 N.M. 475, 485, 853 P.2d 726, 736 (N.M.1993) (Montgomery, J., specially concurring and writing for a majority of the Court on the issue whether a guarantee association is liable for prejudgment interest); *Kessler v. Old Guard Mut. Ins. Co.,* 391 Pa.Super. 175, 180, 570 A.2d 569, 572 (Pa.Super.Ct.1990); *Russell v. Pennsylvania Ins. Guar. Ass'n,* 339 Pa.Super. 458, 461, 489 A.2d 251, 252 (Pa.Super.Ct.1985); *Sands v. Pennsylvania Ins. Guar. Ass'n,* 283 Pa.Super. 217, 228, 423 A.2d 1224, 1229 (Pa.Super.Ct.1980); *Brodhead v. Dodgin,* 824 S.W.2d 616, 622 (Tex.Ct.App. 1991); and *Durish v. Dancer,* 819 S.W.2d 258, 263 (Tex.Ct.App.1991). Of these, *Ramage, Sifers, Gautro, Aztec* and *Sands* expressly permit post-judgment interest to be awarded in excess of the statutory cap on an insurance guarantee association's obligation.

The public policy behind the Kentucky Insurance Guaranty Association Act has been explicitly set forth by the General Assembly. It is designed to

> ... provide a mechanism for the payment of covered claims under certain insurance policies to avoid excessive delay in payment and to avoid financial loss to claimants or policyholders because of the insolvency of an insurer, to assist in the detection and prevention of insurer insolvencies, and to provide an association to assess the cost of such protection among insurers.

KRS 304.36–020.

The Act is to be liberally construed to effect this purpose, and KRS 304.36–020 constitutes an "aid and guide to interpretation." KRS 304.36–040. Disallowing the assessment of post-judgment interest against KIGA would not further the policies embodied in the Act. The Act protects an insured who, through no fault of his own, finds himself in an unenviable situation when his insurance carrier becomes insolvent. It also protects those injured as a result of an insured's negligent conduct.

In Kentucky, a prevailing party's right to recover post-judgment interest is granted by statute. KRS 360.040 provides that "[a] judgment shall bear twelve percent (12%) interest compounded annually from its date." The language of the statute has been interpreted as requiring the imposition of interest on a judgment unless there are factors which would make an award of interest inequitable. *Courtenay v. Wilhoit,* Ky.App.,

655 S.W.2d 41, 42 (1983). The statute's obvious purpose is to encourage a judgment debtor to promptly comply with the terms of the judgment and to compensate the judgment creditor for the judgment debtor's use of his money. There are no exceptions mentioned in the interest statute for any class of persons or any entities in this Commonwealth.[4] KIGA is an association of companies licensed to transact business in Kentucky who write all kinds of direct insurance other than life, health,[5] credit, mortgage guaranty, and ocean marine insurance. KRS 304.36–030(1). The interest statute, KRS 360.040, does not carve out an exception for KIGA. When there are no exceptions to the positive terms of a statute, the General Assembly is presumed to have intended to make none. *Bailey v. Reeves,* Ky., 662 S.W.2d 832, 834 (1984).

■ Given Kentucky's post-judgment interest statute and the public policy that underpins the Kentucky Insurance Guaranty Association Act set forth in KRS 304.36–020, we conclude that post-judgment interest should have been awarded even though KIGA will be required to pay an amount in excess of the statutory cap on covered claims. Post-judgment interest is not included in the definition of "covered claim," which, according to KRS 304.36–050(3), means an unpaid claim which arises out of and is within the coverage of an insurance policy to which the Act applies. The statutory cap on covered claims, while limiting KIGA's liability on an unpaid claim, does not limit the total amount that a successful claimant may recover in a judgment against KIGA. The notion that an insured or a liability claimant seeking payment of a claim against an insolvent insurer may not recover interest in a successful action against a guarantee association—whether the claim is less or greater than the statutory cap—is untenable. *See Aztec Well Servicing Co., Inc. v. Property & Casualty Ins.,* 115 N.M. at 485, 853 P.2d at 736.

Our position is strengthened by policy reasons of concern in Kentucky and identified in other jurisdictions that have addressed the same question. Unless KIGA is liable for post-judgment interest, delaying tactics will be encouraged and policyholders, such as Stone, may be exposed to the risk of significant financial loss. *Ramage v. Alabama Ins. Guar. Ass'n,* 919 F.2d 1010, 1014 (5th Cir. 1990). KIGA should not be "rewarded for excessive delay in payment, as it would be if it could invest the limit [its statutorily determined liability amount] in a large claim yet not have to pay interest." *Sifers v. Gen. Marine Catering Co.,* 892 F.2d 386, 397 (5th Cir.1990) (citing *Aramburo v. Travelers Ins. Co.,* 438 So.2d 274, 276 (La.Ct.App.1983)).

The abuses warned of in the previous paragraph actually occurred in this case. There have been significant delays in bringing Nolan's case to a conclusion attributable in large part to KIGA's refusal to meet its statutorily imposed obligations. More than twelve years have passed since Nolan was injured. Since that time, she and Stone have expended considerable time, effort and money attempting to compel KIGA to abide by the statute that gave it life.[6] During much of that time, KIGA had use of funds that were due Nolan, and it obviously invested those funds to its considerable benefit. If the extent of its obligation was not obvious before, it certainly was after judgment was rendered. Our holding that KIGA is liable for post-judgment interest in excess of the statutory cap furthers the general purpose of awarding post-judgment interest, that is, to compensate a plaintiff for the loss of use of

---

4. It has been determined that interest cannot be assessed against state agencies without an explicit declaration from the General Assembly or a contract provision expressly permitting the assessment. *Powell v. Board of Educ. of Harrodsburg,* Ky.App., 829 S.W.2d 940, 941 (1991). KIGA is not a state agency and does not claim sovereign immunity.

5. The Act applies to health insurance written by a member of the association. KRS 304.36–030(2).

6. Stone's loss has been compounded by KIGA's inaction. As this Court has earlier noted, Stone would have been entitled to deduct Nolan's $10,-000.00 basic reparation benefits from his portion of liability for the judgment. However, Stone's counsel, supplied by KIGA, failed to take appropriate steps to accomplish this, leaving Stone with an obligation to pay $30,000.00, instead of $20,000.00. *Stone v. Kentucky Ins. Guar. Ass'n,* Ky.App., 858 S.W.2d 726, 728 n. 3 (1993).

money resulting from the defendant's failure to pay after the extent of its obligation has been fixed by a judgment. Our holding also furthers the purpose of fostering settlement and preventing delay.

For these reasons, the order of satisfaction entered by Wolfe Circuit Court is vacated and this case is remanded with directions to grant judgment in favor of Stone and against KIGA for interest on $50,000.00 at the rate of 12% per annum, compounded annually, from and after entry of judgment against Stone until the sum of $40,000.00 was paid, and thereafter interest at the same rate on the sum of $10,000.00 until that sum was paid, and the costs of this action.

All concur.